IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DENISE ARMSTRONG<br>378 Mill Street<br>Conneaut, Ohio 44030 | ) <br>) <br>) <br>) | CASE NO.<br><br>JUDGE: |
| Plaintiff, | ) <br>) | |
| v. | ) <br>) | **COMPLAINT FOR DAMAGES**<br>**AND REINSTATEMENT** |
| VESUVIUS U.S.A. CORPORATION<br>1100 Maple Avenue<br>Conneaut, Ohio 44030 | ) <br>) <br>) <br>) | **JURY DEMAND ENDORSED**<br>**HEREIN** |
| **Serve also:**<br>Vesuvius U.S.A. Corporation<br>c/o CT Corporation System<br>4400 Easton Commons Way<br>Suite 125<br>Columbus, Ohio 43219 | ) <br>) <br>) <br>) <br>) <br>) <br>) | |
| Defendant. | ) | |

Plaintiff, Denise Armstrong, by and through undersigned counsel, as her Complaint against

the Defendants, states and avers the following:

## PARTIES AND VENUE

1.  Armstrong is a resident of the city of Conneaut, county of Ashtabula, state of Ohio.

2.  Vesuvius U.S.A. Corporation ("Vesuvius") is a foreign corporation that operated a business

    located at 1100 Maple Avenue, Conneaut, Ohio 44030.

3.  Vesuvius was at all times hereinafter mentioned an employer within the meaning of 42 U.S.C.

    § 2000e *et seq*.

4.  Vesuvius was at all times hereinafter mentioned an employer within the meaning of R.C.

    § 4112.01 *et seq*.

## JURISDICTION & VENUE

5.  This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that Armstrong is alleging a Federal Law Claim under Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq*.

6.  All material events alleged in this Complaint occurred in Ashtabula County.

7.  This Court has supplemental jurisdiction over Armstrong's state law claims pursuant to 28 U.S.C. § 1367 as Armstrong's state law claims are so closely related to her federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

8.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

9.  Within 300 days of the conduct alleged below, Armstrong filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge No. 532-2021-00812 against Vesuvius.

10. On July 26, 2021, the EEOC issued and mailed a Notice of Right to Sue letter to Armstrong regarding the Charge of Discrimination.

11. Armstrong received her Right to Sue letter from the EEOC which has been attached hereto as Plaintiff's Exhibit A.

12. Armstrong has filed this Complaint within 90 days of the issuance of the Notice of Right to Sue letter.

13. Armstrong has properly exhausted her administrative remedies pursuant to 29 C.F.R. § 1614.407(b).

## FACTS

14. Armstrong is a former employee of Vesuvius.

15. Armstrong began working for Vesuvius on or around September 7, 1993.

16. Vesuvius employed Armstrong as a Production Worker.

17. Armstrong had a strong history of performance with Vesuvius.

18. Armstrong consistently received pay raises.

19. Armstrong did not have any history of meaningful discipline.

20. Chris Longstaff was Armstrong's immediate supervisor.

21. During all material events asserted herein, Longstaff has and/or had authority to hire, fire, and/or discipline employees.

22. Longstaff did not participate in the decision to hire Armstrong.

23. During her employment, Longstaff treated Armstrong with disrespect, in contrast with how he treated Armstrong's male coworkers.

24. Armstrong reported Longstaff's treatment to HR.

25. Upon information and belief, Defendant has a policy requiring investigations following receipt of a complaint of discrimination.

26. An investigation should include interviewing the complainant.

27. An investigation should include interviewing the subject of the complaint.

28. An investigation should include interviewing the subject of the reported incident.

29. An investigation should include interviewing witnesses to the reported incident.

30. An investigation should include getting a written statement from the complainant.

31. An investigation should include getting a written statement from the subject of the complaint.

32. An investigation should include getting a written statement from the subject of the reported incident.

33. In response to Armstrong's complaint of discrimination, HR did not interview Longstaff.

34. In response to Armstrong's complaint of discrimination, HR did not get a written statement from Armstrong.

35. In response to Armstrong's complaint of discrimination, HR did not get a written statement from Longstaff.

36. In response to Armstrong's complaint of discrimination, HR did not take corrective action against Longstaff.

37. HR ratified Longstaff's discriminatory conduct in failing to conduct an investigation into Armstrong's discrimination complaint.

38. HR ratified Longstaff's discriminatory conduct in failing to discipline Longstaff following Armstrong's discrimination complaint.

39. On April 19, 2020, Longstaff transferred Armstrong to a new department on third shift.

40. There were three employees, including Armstrong, who worked third shift in that department.

41. Each employee had a particular responsibility: one worked on the pulpers, one worked on the auto-batcher, and one worked on the tower.

42. During her entire time on the third shift, Armstrong never operated the tower.

43. Defendant laid Armstrong off on May 18, 2020, due to COVID-19.

44. Armstrong returned to work on June 8, 2020.

45. Upon her return to work, Longstaff transferred Armstrong to second shift.

46. Longstaff assigned Armstrong to operate the tower on second shift.

47. Longstaff did not train Armstrong to operate the tower.

48. On June 8, 2020, the day Armstrong returned to work, Longstaff wrote her up for a mistake made while using the tower.

49. Longstaff continued to assign Armstrong to operate the tower.

50. Longstaff continued to deny Armstrong training in operating the tower.

51. Longstaff prohibited Armstrong's coworkers from providing her with any instruction.

52. Longstaff regularly provided Armstrong's male coworkers with proper training.

53. On July 21, 2020, Defendant terminated Armstrong's employment for making a mistake while operating the tower.

54. Defendant did not fire Armstrong's male coworkers who made mistakes while operating the tower.

## COUNT I: GENDER DISCRIMINATION IN VIOLATION OF 42 U.S.C. § 2000e *et seq.*

55. Armstrong restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

56. Armstrong is a member of a statutorily protected class based on her gender under 42 U.S.C. § 2000e *et seq.*

57. Defendant treated Armstrong differently than other similarly situated employees based on her gender.

58. Defendant discriminated against Armstrong on the basis of her gender throughout her employment with the company.

59. During the course of her employment, Defendant provided training to male employees that was not provided to Armstrong.

60. During the course of her employment, Defendant disciplined Armstrong for actions that her male coworkers made but were not disciplined.

61. On or around July 21, 2020, Defendant terminated Armstrong's employment.

62. Defendant terminated Armstrong's employment without just cause.

63. Defendant terminated Armstrong's employment based on her gender.

64. Defendant's discrimination against Armstrong based on her gender violates 42 U.S.C. § 2000e *et seq.*

65. Armstrong suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to 42 U.S.C. § 2000e *et seq.*

66. As a direct and proximate result of Defendant's conduct, Armstrong suffered and will continue to suffer damages, including economic and emotional distress damages.

## COUNT II: GENDER DISCRIMINATION IN VIOLATION OF R.C. § 4112.01 *et seq.*

67. Armstrong restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

68. Armstrong is a member of a statutorily protected class based on her gender under R.C. § 4112.02.

69. Defendant treated Armstrong differently than other similarly situated employees based on her gender.

70. Defendant discriminated against Armstrong on the basis of her gender throughout her employment with the company.

71. During the course of her employment, Defendant provided training to male employees that was not provided to Armstrong.

72. During the course of her employment, Defendant disciplined Armstrong for actions that her male coworkers made but were not disciplined.

73. On or around July 21, 2020, Defendant terminated Armstrong's employment.

74. Defendant terminated Armstrong's employment without just cause.

75. Defendant terminated Armstrong's employment based on her gender.

76. Defendant's discrimination against Armstrong based on her gender violates R.C. § 4112.01 *et seq.*

77. Armstrong suffered emotional distress as a result of Defendant's conduct, and is entitled emotional distress damages pursuant to R.C. § 4112.01 *et seq*.

78. As a direct and proximate result of Defendant's conduct, Armstrong suffered and will continue to suffer damages, including economic and emotional distress damages.

## DEMAND FOR RELIEF

WHEREFORE, Armstrong demands from Defendant the following:

(a) Issue an order requiring Defendant to restore Armstrong to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(b) An award against Defendant of compensatory and monetary damages to compensate Armstrong for lost wages, emotional distress, and other consequential damages, in an amount in excess of $25,000 per claim to be proven at trial;

(c) An award of punitive damages against Defendant in an amount in excess of $25,000;

(d) An award of reasonable attorneys' fees and non-taxable costs for Armstrong's claims as allowable under law;

(e) An award of the taxable costs of this action; and

(f) An award of such other relief as this Court may deem necessary and proper.

8

Respectfully submitted,


*/s/ Taurean J. Shattuck*
Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David Byrnes (0086975)
**THE SPITZ LAW FIRM, LLC**
25825 Science Park Drive, Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:   (216) 291-5744
Email:  Fred.Bean@spitzlawfirm.com
        Taurean.Shattuck@spitzlawfirm.com
        David.Byrnes@spitzlawfirm.com


*Attorneys For Plaintiff*

8

## JURY DEMAND

Plaintiff Denise Armstrong demands a trial by jury by the maximum number of jurors permitted.

/s/ Taurean J. Shattuck
Fred M. Bean (0086756)
Taurean J. Shattuck (0097364)
David Byrnes (0086975)
**THE SPITZ LAW FIRM, LLC**